IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HALEY DULANSKI,

    Plaintiff,                                                     Case No. 8:19-cv-2886

v.

FIRST CONTACT, LLC,
IQOR HOLDINGS US LLC,
IQOR HOLDINGS INC,
IQOR US INC., and
IQOR GLOBAL SERVICES, LLC,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, Haley Dulanski ("Plaintiff"), hereby sues the Defendants, First Contact, LLC ("First Contact"), iQor Holdings US LLC ("iQor Holdings LLC"), and iQor Holdings Inc. ("iQor Holdings Inc."), iQor US Inc. ("iQor US") and iQor Global Services, LLC ("iQor Global"), and alleges:

### *Parties, Jurisdiction and Venue*

1. Plaintiff is an individual and a resident of Polk County, Florida.

2. First Contact, LLC is a foreign limited liability company with its principal place of business located in Pinellas County, Florida.

3. iQor Holdings LLC is a foreign limited liability company with its principal place of business located in Pinellas County, Florida.

4. iQor Holdings Inc. is a foreign corporation with its principal place of business located in Pinellas County, Florida.

5. iQor US is a foreign corporation with its principal place of business located in Pinellas County, Florida.

6. iQor Global is a foreign limited liability company with its principal place of business located in Pinellas County, Florida.

7. This is an action brought pursuant to 15 U.S.C. 1692k.  Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

8. This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367 because the state law claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

10. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

### *Common Facts*

11. First Contact is a person who uses instrumentalities of interstate commerce, including interstate telephone lines, and the mails in a business the principal purpose of which is the collect of debts.  In that business, First Contact regularly collects and attempts to collect, directly and indirectly, debts owed or due and debts asserted to be owed or due another.

12. iQor Holdings LLC is a person who uses instrumentalities of interstate commerce, including interstate telephone lines, and the mails in a business the principal purpose of which is

the collect of debts.  In that business, iQor Holdings LLC regularly collects and attempts to collect, directly and indirectly, debts owed or due and debts asserted to be owed or due another.

13. iQor Holdings Inc. is a person who uses instrumentalities of interstate commerce, including interstate telephone lines, and the mails in a business the principal purpose of which is the collect of debts.  In that business, iQor Holdings Inc. regularly collects and attempts to collect, directly and indirectly, debts owed or due and debts asserted to be owed or due another.

14. iQor US Inc. is a person who uses instrumentalities of interstate commerce, including interstate telephone lines, and the mails in a business the principal purpose of which is the collect of debts.  In that business, iQor US Inc. regularly collects and attempts to collect, directly and indirectly, debts owed or due and debts asserted to be owed or due another.

15. iQor Global Services, LLC is a person who uses instrumentalities of interstate commerce, including interstate telephone lines, and the mails in a business the principal purpose of which is the collect of debts.  In that business, iQor Global Services, LLC regularly collects and attempts to collect, directly and indirectly, debts owed or due and debts asserted to be owed or due another.

16. iQor Holdings LLC, iQor Holdings Inc., iQor US and iQor Global are hereinafter referred to collectively as the "iQor Entities".

17. First Contact is a subsidiary and/or affiliate of the iQor Entities, but First Contact and all of the iQor Entities operate together effectively as one company.  For all purposes relating to conduct alleged in this Complaint, First Contact and all of the iQor Entities acted together, jointly and interchangeably.  All conduct described herein was committed by and on behalf of both First Contact and all of the iQor Entities.

18. First Contact was engaged by Credit One Bank, N.A. to collect an alleged debt the ("Alleged Debt") from Plaintiff.

19. In attempting to collect the Alleged Debt, Defendants called Plaintiff 7-9 times a day every single day for several weeks.

20. There were multiple instances in which Defendants called Plaintiff multiples times in a row within a matter of minutes.

21. Plaintiff demanded that Defendants cease calling the Plaintiff, but Defendants continued to call her.

22. Defendants caused Plaintiff's telephone to ring repeatedly and continuously with intent to annoy, abuse and harass the Plaintiff.

23. Additionally, in attempting to collect the Alleged Debt from Plaintiff, Defendants used a business name that was not Defendants' true business name. Specifically, Defendants used the business name "Credit One Bank" and represented that they were Credit One Bank in their interactions with Plaintiff.

24. Plaintiff received and endured Defendants' illegal phone calls and harassment in the Middle District of Florida.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against First Contact)

25. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

26. The conduct of First Contact constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

27. As a direct and proximate result of First Contact's conduct, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, First Contact, LLC, for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against iQor Holdings LLC)

28. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

29. The conduct of iQor Holdings LLC constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

30. As a direct and proximate result of iQor Holdings LLC's conduct, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor Holdings US LLC, for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT III – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against iQor Holdings Inc.)

31. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

32. The conduct of iQor Holdings Inc. constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

33. As a direct and proximate result of iQor Holdings Inc.'s conduct, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor Holdings Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(Against iQor US)

34. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

35. The conduct of iQor US constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

36. As a direct and proximate result of iQor US's conduct, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor US Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT V – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(Against iQor Global)**

37. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

38. The conduct of iQor Global constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

39. As a direct and proximate result of iQor Global's conduct, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor Global Services, LLC, for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT VI – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
**(Against First Contact)**

40. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

41. The conduct of First Contact constituted a violation of Section 559.72(7), *Florida Statutes*.

42. As a direct and proximate result of the conduct of First Contact, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, First Contact, LLC, for actual damages, statutory damages in the amount of

$1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT VII – VIOLATION OF THE
### FLORIDA CONSUMER COLLECTION PRACTICES ACT
**(Against iQor Holdings LLC)**

43. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

44. The conduct of iQor Holdings LLC constituted a violation of Section 559.72(7), *Florida Statutes*.

45. As a direct and proximate result of the conduct of iQor Holdings LLC, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor Holdings US LLC, for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT VIII – VIOLATION OF THE
### FLORIDA CONSUMER COLLECTION PRACTICES ACT
**(Against iQor Holdings Inc.)**

46. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

47. The conduct of iQor Holdings Inc. constituted a violation of Section 559.72(7), *Florida Statutes*.

48. As a direct and proximate result of the conduct of iQor Holdings Inc., Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor Holdings Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT IX – VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (Against iQor US)

49. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

50. The conduct of iQor US constituted a violation of Section 559.72(7), *Florida Statutes*.

51. As a direct and proximate result of the conduct of iQor US, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor US Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT X – VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (Against iQor Global)

52. Plaintiff incorporates and realleges paragraphs 1 through 24 as if stated fully herein.

53. The conduct of iQor Global constituted a violation of Section 559.72(7), *Florida Statutes*.

54. As a direct and proximate result of the conduct of iQor Global, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Haley Dulanski, hereby demands judgment against the Defendant, iQor Global Services, LLC, for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees*

Pursuant to Section 559.77(2), Plaintiff Haley Dulanski hereby demands an award of attorney's fees incurred in this matter.

### *Demand for Jury Trial*

Plaintiff Haley Dulanski hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: November 21, 2019.                    Respectfully submitted,

/s/ Joshua A. Mize
**Joshua A. Mize, Esq.**
Florida Bar No. 86163
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Primary email: jmize@mize.law
Secondary email: service@mize.law

*Attorney for the Plaintiff,*
*Haley Dulanski*